IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD PEAVLEY, *et al.*,        ) | |
| )  | |
|    Plaintiffs,        ) | |
| )  | |
| v.        ) | CIVIL ACT. NO.  1:11-CV-368-WKW |
| )  | |
| CHASE HOME FINANCE,        ) | |
| )  | |
|    Defendant.        ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this civil action *pro se* plaintiffs Richard and Susan Peavley ("the Peavleys") allege that Chase Home Finance ("Chase") violated the Fair Housing Act, 42 U.S.C. § 3604. According to the plaintiffs, Chase lied to them about the availability of a HUD 203(k) rehabilitation loan and instead required them to apply for a mortgage modification loan.  As a result of Chase's actions, the Peavleys allege that they were required to file bankruptcy to save their home, and they did not receive the rehabilitation loan.  The court has jurisdiction of these claims pursuant to its federal question jurisdiction under 28 U.S.C. § 1331.

This case is now pending before the court on the defendant's motion to dismiss pursuant to FED.R.CIV.P. 12(b)(6), or in the alternative motion for more definite statement. (Doc. # 3).  The Court heard oral argument on the motion, and the Peavleys stated in more detail their claims.  For example, the Peavleys alleged that they were told that they should not have received a mortgage because they were disabled and they needed to live in public

housing.[1]  It appears, at this juncture, that the plaintiffs have stated claim under 42 U.S.C. § 3604(f) which makes it illegal to

> (1) To discriminate in the sale of rental, or to otherwise make available or deny, a dwelling to any buyer or rental because of a handicap of – (A) that buyer or renter . . .
>
> (2) To discriminate against any person in the terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection with such dwelling, because of a handicap of (A) that person . . .

42 U.S.C. § 3604(f).

Thus, at this stage, the court cannot say that the plaintiffs can prove no facts to support their claims under the Fair Housing Act.  Thus, the court concludes that the motion to dismiss is due to be denied.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the defendant's motion to dismiss, or in the alternative, motion for more definite statement be denied.  It is further

ORDERED that the parties shall file any objections to the said Recommendation on or before **February 9, 2012.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the

---

[1] Of course, the "facts" stated in the complaint may not be the facts at all.  However, the court's role is not to make factual determinations on a motion to dismiss.

Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 26th day of January, 2012.

                                           /s/Charles S. Coody
                                        CHARLES S. COODY
                                        UNITED STATES MAGISTRATE JUDGE