IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RICHARD and SUSAN PEAVLEY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 1:11-CV-368-WKW |
| ) | [WO] |
| CHASE HOME FINANCE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the Recommendation of the Magistrate Judge ("Recommendation," Doc. # 37) regarding Defendant's motion for summary judgment. Plaintiffs filed a timely objection. (Docs. # 38, 39.) For the reasons that follow, the Recommendation is due to be adopted.

**I. BACKGROUND**

Plaintiffs allege discrimination in violation of the Fair Housing Act. Plaintiffs, proceeding *pro se*, filed two objections to the Recommendation on September 12, 2012. (Docs. # 38 & 39). Plaintiffs claim that Chase Home Finance discriminated against them based on their disabilities in violation of Title VIII of the Civil Rights Act of 1968 as amended by the Fair Housing Act, 42 U.S.C. § 3605. (Doc. #1 at 6.)

## II. STANDARD OF REVIEW

The court reviews *de novo* the portion of the Recommendation to which the objection applies.  28 U.S.C. § 636(b)(1).

## III. DISCUSSION

In the Recommendation, the Magistrate Judge found that Plaintiffs "fail[ed] to present sufficient evidence to permit an inference of discrimination." (Doc. # 37 at 14.) "While the Peavleys assert[ ] that Chase's denial of a HUD 203(k) rehabilitation loan was improperly motivated by their disability status, they offer nothing other than their beliefs that disability played a role in the refinancing decision." (Doc. # 37 at 14.)  Plaintiffs, in their objections, essentially restate the allegations of their complaint.  (Docs. # 38 & 39.)  The objections fail because the Magistrate Judge correctly applied the law to Plaintiffs' unfortunate circumstances.

In housing discrimination cases, plaintiffs bear the ultimate burden of proving that the defendants intentionally discriminated against them. *Texas Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252–53 (1981).  Where a plaintiff establishes a prima facie case of discrimination, "the burden shifts to the defendant to 'articulate some legitimate, nondiscriminatory reason'" for its action. *Id.* at 253 (quoting *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)).

Plaintiffs' claim fails because they have not established a prima facie case of discrimination based on disability by any of the three generally accepted methods: discriminatory intent; statistical proof; or evidence satisfying the four-part *McDonnell Douglas* criteria. *See Carter v. City of Miami*, 870 F.2d 578, 581 (11th Cir. 1989) (listing the methods for establishing a prima facie case of discrimination).

First, there is no direct evidence of discriminatory intent. Plaintiffs allege that a Chase employee told Mrs. Peavley that "he didn't see how husband and I got home loan from Wachovia [Bank] in the first place. And if we need that much repairs to the home that we need to let the house go and move into public . . . ." (Doc. # 35 at 2.) That statement, while callous, is facially neutral as to Plaintiffs' status as disabled. Assuming the statement evinces some discriminatory animus, it was not made in connection with any decision about a loan, only while Plaintiffs were inquiring into the availability of a HUD 203(k) loan. *See Standard v. A.B.E.L. Servs., Inc.*, 161 F.3d 1318, 1330 (11th Cir. 1998) ("[R]emarks by non-decisionmakers or remarks unrelated to the decisionmaking process itself are not direct evidence of discrimination."). Additionally, any nexus between the comment and Chase's handling of their loan application is speculative, as Plaintiffs worked with another Chase associate after they complained about the employee who made the insensitive remark.

Second, Plaintiffs present no statistical evidence supporting the conclusion they were discriminated against. In fact, the undisputed evidence before the court is that Chase made no loans in Alabama of the type Plaintiffs sought– neither to non-disabled nor to disabled people.

Third, Plaintiffs have not presented sufficient circumstantial proof of discrimination. Under the *McDonnell Douglas* framework, a plaintiff can establish a prima facie case of discrimination in the credit context by showing that: (1) the plaintiff belongs to a protected class; (2) the plaintiff applied for and was qualified to receive a loan from the defendant; (3) the defendant rejected the loan application despite plaintiff's qualifications; and (4) the defendant approved loans for others, similarly situated but not belonging to the protected class to which the plaintiff belongs. *Cooley v. Sterling Bank*, 280 F. Supp. 2d 1331, 1339 (M.D. Ala. 2003), *aff'd* No. 03-14727, 116 Fed. App'x 242 (11th Cir. July 16, 2004). While Plaintiffs are disabled and did not receive a loan, Plaintiffs have not shown that other non-disabled applicants did receive loans. In fact, Plaintiffs offer no evidence from which the court can reasonably infer that Defendant denied them a loan because they are disabled.

Plaintiffs offer nothing beyond their unsubstantiated opinions and assertions, which are insufficient to withstand summary judgment. *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Though *pro se* complaints are entitled to

liberal interpretations by courts, "a pro se litigant does not escape the essential burden under summary judgment standards of establishing that there is a genuine issue as to a fact material to his case in order to avert summary judgment." *Brown v. Crawford*, 906 F.2d 667, 670 (11th Cir. 1990).

## IV. CONCLUSION

Accordingly, it is ORDERED as follows:

1. Plaintiffs' objections (Docs. # 38, 39) are OVERRULED;

2. The Recommendation of the Magistrate Judge (Doc. # 37) is ADOPTED;

3. Defendant's motion for summary judgment (Doc. #32) is GRANTED;

4. Plaintiffs' claims are DISMISSED with prejudice.

A separate final judgment will issue.

DONE this 28th day of November, 2012.

                                                 /s/ W. Keith Watkins
                                     CHIEF UNITED STATES DISTRICT JUDGE